# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10415

———————————

Rolex Watch USA, Incorporated,

*Plaintiff—Appellant*,

*versus*

Beckertime, L.L.C.; Matthew Becker,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1060

———————————————————————

United States Court of Appeals
Fifth Circuit
**FILED**
November 20, 2024
Lyle W. Cayce
Clerk

Before King, Willett, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:

We have thoroughly outlined the factual background of this case in a prior appeal. *See Rolex Watch USA, Inc. v. BeckerTime, L.L.C.*, 96 F.4th 715 (5th Cir. 2024). Suffice it to say, this is a trademark infringement dispute brought under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, in which we previously affirmed in part and modified in part the district court's injunction and ordered a "limited remand solely for the district court to clarify its language" in section 1(c) of its injunction. *Id.* at 725–26. On remand, the parties submitted to the district court agreed-upon language for section 1(c). On April 8, 2024, the district court entered an order approving the parties'

No. 24-10415

stipulation regarding the language of section 1(c).  The district court also entered an amended final judgment that included not only the parties' agreed-upon language for section 1(c), but also changes to sections 1(a) and 1(b) of the injunction.

Now, on appeal for the second time, the parties agree that the district court exceeded its limited mandate on remand by amending its judgment in a manner that contradicts this court's decision.[1]  BeckerTime also agrees with the requested relief.  Accordingly, and in light of the parties' agreement, we VACATE the district court's amended final judgment and REINSTATE the district court's prior final judgment, dated August 12, 2022, as modified by (1) this court's opinion entered on March 21, 2024, and (2) the parties stipulation proposing agreed-upon language for section 1(c) and the portion of the district court's order approving that stipulation.

_____

[1] Unrelated to the agreed-upon claim of district court error underlying this appeal, the parties express disagreement as to the proper interpretation of section 1(a) of the district court's final judgment, as modified by this court's March 21, 2024, opinion.  Specifically, the parties point to the last two sentences of that section, which allows BeckerTime to continue advertising, promoting, distributing, and selling Rolex-branded watches that include customized dials that do not involve the removal, reapplication, or mislabeling of any Rolex trademarks, so long as it provides full disclosures in all advertising materials and inscribes "CUSTOMIZED BY BECKERTIME" on the back of each watch.  We agree with Rolex that these sentences, and an associated footnote, are inconsistent with our holding that section 1(a) should be modified to enjoin "*all* non-genuine dials, including those with original Rolex marks."  96 F.4th at 725 (emphasis added).  This injunction encompasses those customized dials previously excluded in the last two sentences of section 1(a).