Cite as: 606 U. S. \_\_\_\_ (2025)                    1

# SUPREME COURT OF THE UNITED STATES

## ANTOINE WIGGINS *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24–6410.   Decided June 30, 2025

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE BARRETT joins, respecting the denial of certiorari.

This case implicates a split among the Courts of Appeals over the proper definition of a "controlled substance offense" under §4B1.2(b) of the Federal Sentencing Guidelines. United States Sentencing Commission, Guidelines Manual §4B1.2(b) (Nov. 2024) (USSG). The Circuits have reached different conclusions on whether such offenses must involve a prohibited drug under state law, federal law, or either. See *Guerrant* v. *United States*, 595 U. S. \_\_\_, \_\_\_– \_\_\_ (2022) (statement of SOTOMAYOR, J., respecting denial of certiorari) (slip op., at 1–2) (collecting cases).

Three years ago, I urged the Sentencing Commission to "resume its important function in our criminal justice system," including by resolving that conflict. *Id.,* at \_\_\_ (slip op., at 3). At the time, the Commission could not do so because it lacked a quorum of voting members. Just months later, however, the Commission regained a quorum, enabling it to amend the Guidelines. See Commission Regains a Quorum for The First Time in Three Years, Enabling it To Amend Federal Sentencing Guidelines, Issue Sentencing Policy (Aug. 5, 2022), https://www.ussc.gov/about/ news/press-releases/august-5-2022. Yet while the Commission has since acknowledged the split, see, *e.g.,* 87 Fed. Reg. 60439 (2022), it has not resolved it. Nor, it seems, does it plan to do so in the 2025–2026 amendment cycle. See Federal Register Notice of Proposed 2025–2026 Priorities

(June 9, 2025), http://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-proposed-2025-2026-priorities.

In the meantime, the disagreement among the Circuits over the proper definition of a "controlled substance offense" has not only persisted, but deepened. See, *e.g.*, *United States* v. *Dubois*, 94 F. 4th 1284, 1294–1296 (CA11 2024) (holding that a state-law drug offense counts); *United States* v. *Lewis*, 58 F. 4th 764 (CA3 2023) (same); *United States* v. *Minor*, 121 F. 4th 1084, 1089–1090 (CA5 2024) (holding that state-law offense counts only if it is a categorical match for a federal offense); *United States* v. *House*, 31 F. 4th 745, 752–753 (CA9 2022) (same). This issue is an important one: Whether the term "controlled substance offense" refers to a "controlled substance" under state or federal law (or both) can determine whether certain defendants will qualify as a "career offender" under the Guidelines, see USSG §4B1.1(a), and therefore "face dramatically higher sentencing ranges for their crime of conviction," *Guerrant*, 595 U. S., at ___ (slip op., at 1). So long as the split persists, two defendants whose criminal histories include identical drug offenses and who commit the same federal crime will be subject to significantly different sentencing ranges based solely on geography. Yet in our federal system, a defendant's location should not determine the severity of his punishment.

It remains "the responsibility of the Sentencing Commission to address this division to ensure fair and uniform application of the Guidelines." *Id.*, at ___ (slip op., at 2) (citing *Braxton* v. *United States*, 500 U. S. 344, 348 (1991)). If the Commission does not intend to resolve the split, it should provide an explanation so that this Court can decide whether to address the issue and restore uniformity.